Hillsborough,
No. 4759.

JOHN BENSON, JR. *v.* BRATTLEBORO RETREAT.

Argued September 7, 1960.

Decided October 28, 1960.

*James M. Winston* (by brief and orally), for the plaintiff.

*Gannett & Oakes* (of Vermont) and *McLane, Carleton, Graf, Greene & Brown* and *David L. Nixon* (*Mr. Nixon* orally), for the defendant.

KENISON, C. J.   The question in this case is whether the defendant foreign corporation was doing business in this state so that the court acquired jurisdiction over the plaintiff's action for false imprisonment allegedly committed in Vermont.   RSA 300:11 (c).   See *Benson* v. *Brattleboro Retreat*, 102 N. H. 413.

The defendant is a charitable corporation incorporated by special acts of the Vermont Legislature, having its principal and only place of business in Brattleboro, Vermont, for the purpose of caring for the mentally ill.   Vt. Private Acts 1834, No. 46; Vt. Laws 1892, No. 230; V.S.A. Tit. 18, ss. 2503, 2511.   It receives patients who are supported by the State of Vermont and also private patients by contract from other states.   *Brattleboro Retreat v. Town of Brattleboro,* 106 Vt. 228.   The defendant is not registered to do business in New Hampshire, has appointed no agent to receive process in New Hampshire, maintains no office, owns no property and has instituted no litigation in this state.   It also appears from the record that neither "does the Brattleboro Retreat have any agents in the State of New Hampshire channeling patients to the Brattleboro Retreat."

The defendant's contacts and ties with this state have been tenuous at best.   In 1943 the defendant sold to the State of New Hampshire a tract of "undeveloped land" it owned in this state "for one dollar."   This was one year prior to the beginning of the alleged false imprisonment and fourteen years prior to the commencement of the present action.   If the occasional or incidental leasing of property generally does not constitute doing business by a foreign corporation (anno. 59 A. L. R. 2d 1131), this single sale of property prior to the time the cause of action arose cannot be considered "doing business" in any realistic sense of that phrase. 17 Fletcher, Corporations (Revised volume 1960) ss. 8486, 8487; Note, Ownership, Possession, or Use of Property as a Basis of In Personam Jurisdiction, 44 Iowa L. Rev. 374 (1959).

The defendant's board of trustees held two meetings in this state at the "summer home" of one of the trustees, a resident of Vermont, at a time when "he couldn't come [to Vermont] because of a broken leg."   In the absence of a statute requiring otherwise, it is generally held that directors' or officers' meetings in a state does not constitute doing business therein.   17 Fletcher, Corporations (Revised volume 1960) s. 8474.

The plaintiff relies on the following quotation from *LaBonte* v. *Company,* 98 N. H. 163, 166-167:   "Today in determining whether

a foreign corporation shall be subject to local process, the theories of implied consent and corporate presence have been discarded in favor of the 'fair play and substantial justice' rule formulated in *International Shoe Co.* v. *Washington,* 326 U. S. 310, 320, and followed with approval in subsequent cases. *Travelers Health Ass'n* v. *Virginia,* 339 U. S. 643 . . . While it is true that the rule of *International Shoe* lacks definite preciseness in its application, it is quite clear that state jurisdiction is now exercised over foreign corporations in instances where it was formerly considered impossible."

We shall continue to follow the rule laid down in *LaBonte* both in the spirit as well as the letter to the fullest extent permitted by due process and statutory requirements. *McGee* v. *International Life Ins. Co.,* 355 U. S. 220; *Hanson* v. *Denckla,* 357 U. S. 235. Scott, *Hanson* v. *Denckla,* 72 Harv. L. Rev. 695 (1959). Leflar, Conflict of Laws, in 1959 Annual Survey of American Law, *pp.* 34-39 (1960). However, we agree with the Trial Court that in the circumstances of this case the defendant was not doing business in this state. The alleged false imprisonment occurred and continued in Vermont and the insignificant and occasional activities of the defendant in New Hampshire are insufficient to confer jurisdiction over the defendant in this state. Reese & Galston, Doing an Act or Causing Consequences as Bases of Judicial Jurisdiction, 44 Iowa L. Rev. 249 (1959); Restatement (Second), Conflict of Laws, *s.* 92, *comment* b, (Tent. Draft No. 3, 1956).

*Exception overruled.*

All concurred.