Strafford
No. 6781

DOLORES L. LEEPER v. DURWARD D. LEEPER, JR.

April 30, 1974

*Burns, Bryant, Hinchey, Cox & Shea* and *Michael F. Farrell* (*Mr. Farrell* orally) for the plaintiff.

*Charles F. Hartnett,* by brief and orally, for the defendant.

KENISON, C.J. The issue in this case is whether jurisdiction exists over the defendant under RSA 510:4 I (Supp. 1973). The plaintiff filed an action in the Superior Court in Strafford County against the defendant, her divorced husband, alleging that on October 12, 1971, he misappropriated to his own use without an accounting certain jointly-owned bank accounts, bonds and a savings certificate held in the Strafford National and Savings Banks valued in the aggregate at approximately $47,000. She also attached various items of personal property owned by the defendant in this State. Although both parties previously lived in New Hampshire, they are now residents and domiciliaries of Argentina. The defendant entered a special appearance and moved that the action be dismissed because of the lack of personal and subject matter jurisdiction. The Presiding Justice (*Morris*, J.) denied the motion subject to the defendant's exception. The defendant filed a motion to supplement the dismissal order, requesting the court to state the grounds on which jurisdiction rested. The court denied this motion subject to the defendant's exception, and reserved and transferred all questions of law raised by these proceedings.

RSA 510:4 I (Supp. 1973) reads that "Any person, who is not an inhabitant of this state, and who in person or through an agent transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state, submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above."

The defendant's principal argument is that under the terms of RSA 510:4 I (Supp. 1973), the plaintiff's pleadings are insufficient to establish personal jurisdiction. In particular, he asserts that the sole act of removing assets from a bank is not transacting business within the meaning of the statute, that there is no allegation that he committed a tort in so acting and that his ownership, use or possession of these assets did not result in or create a cause of action. The defen-

dant also relies on the doctrine of *forum non conveniens* to suggest that since both parties are residents and domiciliaries of Argentina, a trial of this case would be more appropriate in that country. The plaintiff takes the position that the facts alleged in the pleadings are sufficient to establish personal jurisdiction under all three grounds provided in RSA 510:4 I (Supp. 1973) and contends that New Hampshire is a proper forum because of the presence of essential witnesses and documentary evidence in this State.

When the rules governing jurisdiction were liberalized in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny, this court wholly adopted their rationale and determined that jurisdiction over nonresidents would be exercised to the full constitutional limit. *Roy v. Transairco, Inc.,* 112 N.H. 171, 176, 291 A.2d 605, 608 (1972); *Roy v. North American Newspaper Alliance, Inc.,* 106 N.H. 92, 95, 205 A.2d 844, 846 (1964); *Benson v. Brattleboro Retreat,* 103 N.H. 28, 30, 164 A.2d 560, 562 (1960). In searching for this constitutional limit, the court has identified two important considerations by which it would test the correctness of a lower court's decision to grant or withhold jurisdiction. First, the exercise of jurisdiction has to be reasonable from the standpoint of New Hampshire's interest in the litigation. Second, it has to be consistent with principles of fair play and substantial justice. *Roy v. Transairco, Inc.,* 112 N.H. 171, 176-77, 291 A.2d 605, 608-09 (1972); *Roy v. North American Newspaper Alliance, Inc.,* 106 N.H. 92, 97-98, 205 A.2d 844, 847-48 (1964); *Libbey v. Hodgdon,* 9 N.H. 394, 396 (1838); *see* R. Leflar, American Conflicts Law § 39 (rev. ed. 1968); F. James, Jr., Civil Procedure § 12.5, at 626 (1965); Comment, *Long-Arm and Quasi in Rem Jurisdiction and the Fundamental Test of Fairness,* 69 Mich. L. Rev. 300 (1970).

This two-pronged test may properly be applied to individuals as well as foreign corporations. Annot., 24 A.L.R.3d 532, § 2 (d) (1969); *see, e.g., San Juan Hotel Corp. v. Lefkowitz,* 277 F. Supp. 28, 30 (D.P.R. 1967); *Hamilton Nat'l Bank v. Russell,* 261 F. Supp. 145 (D. Tenn. 1966); *Property Owners Ass'n v. Sholley,* 111 N.H. 363, 284 A.2d 915 (1971). By using the term "person" in RSA 510:4 I (Supp. 1973), the legislature clearly intended to extend the jurisdiction of our courts over

nonresident individuals whose acts fall within the categories enumerated in that statute. *See* Currie, *The Growth of the Long Arm,* U. Ill. L. Forum 533, 560-61 (1963); *cf. Duncan v. McDonough,* 105 N.H. 308, 310, 199 A.2d 104, 106 (1964).

We agree with the plaintiff that the pleadings and all reasonable inferences therefrom, if taken as true and construed most favorably to her, establish jurisdiction under the grounds set forth in RSA 510:4 I (Supp. 1973). *Hildreth v. Bergeron,* 110 N.H. 197, 198, 263 A.2d 664, 666 (1970); *Aldrich v. Beauregard & Sons,* 105 N.H. 330, 331, 200 A.2d 14, 15 (1964).

First, the pleadings allege that the plaintiff's injury arose from a business transaction within New Hampshire. They state that the defendant appropriated to his own use $47,000 in accounts, bonds and a savings certificate from two New Hampshire banks and raise a reasonable inference that he maintained a business relationship with the banks for a period of time, and that either he personally or his agent contacted the banks and withdrew the specified assets. In our view, such conduct falls within the ambit of the phrase "transacts any business" in RSA 510:4 I (Supp. 1973) because the word "any" demonstrates that the legislature intended the statute to be construed in the broadest legal sense to encompass personal, private and commercial transactions. *See Woodring v. Hall,* 200 Kan. 597, 606, 438 P.2d 135, 143-45 (1968); Annot., 27 A.L.R.3d 397, §§ 2 (c), 5 (1969). The State has a substantial interest in ensuring that transactions with banks are carried out in a legitimate manner because the integrity of such institutions is essential to its economic stability. *See* RSA tit. 35. Furthermore, there is no violation of principles of fairness or justice by taking jurisdiction under such circumstances in that the defendant purposely availed himself of the privilege of conducting activities in this State by placing his assets in its banks. *Hanson v. Denckla,* 357 U.S. 235, 253 (1968); *Roy v. Transairco, Inc.,* 112 N.H. 171, 177, 291 A.2d 605, 608 (1972).

Second, the pleadings allege that the plaintiff was injured as a result of a tortious act committed by the defendant within New Hampshire. Although there was no specific reference to the tort of conversion, the allegation that the parties jointly

owned certain assets in New Hampshire banks which were appropriated by the defendant to his own use without an accounting plainly sounds in conversion. *Morency v. Plourde*, 96 N.H. 344, 346, 76 A.2d 791, 792 (1950); *see Berhalter v. Berhalter*, 315 Pa. 225, 173 A. 172 (1934); Annot., 24 A.L.R.3d 532, §§ 2 (c), 7 (1969). "A state has an especial interest in exercising judicial jurisdiction over those who commit torts within its territory. This is because torts involve wrongful conduct which a state seeks to deter, and against which it attempts to afford protection, by providing that a tortfeasor shall be liable for damages which are the proximate result of his tort. Furthermore, witnesses in a tort action will usually reside in the state where the complained of act took place. Hence the inconvenience to a non-resident defendant in being forced to defend the action in the state will be counterbalanced to some extent by the fact that he will thereby be spared the cost and trouble of transporting his witnesses to another state. It is reasonable that a state should exercise judicial jurisdiction over an individual who has done, or has caused to be done, in the state what is claimed to be a tortious act." Restatement (Second) of Conflicts of Laws § 36, Comment *c* (1971); *see* R. Leflar, American Conflicts Law § 42 (rev. ed. 1968).

Finally, the pleadings allege that the plaintiff was injured by the defendant's misappropriation of certain jointly owned items of personal property situated in New Hampshire. The language of RSA 510:4 I (Supp. 1973) is broad enough to include a dispute over rights arising from the joint ownership of property. The State has a clear interest in providing a forum for adjudicating rights in property located within its boundaries because the availability of legal procedures to determine such rights is necessary to enable the society to function in an orderly fashion. If a nonresident has purposely placed personal property in New Hampshire banks and has relied on the laws of this State for its protection, he cannot be heard to complain that it would be unfair or unjust to require him to defend his rights in such property in the courts of this jurisdiction. *See* Restatement (Second) of Conflicts of Laws § 38, Comment *c* (1971); R. Weintraub, Commentary on the Conflict of Laws 129-30 (1971).

We are thus satisfied that the defendant's actions are sufficient under RSA 510:4 I (Supp. 1973) to confer jurisdiction on New Hampshire courts. However, a trial court is not precluded from applying the doctrine of *forum non conveniens* if the facts warrant it. *Forbes v. Boynton,* 113 N.H. 619, 624, 313 A.2d 129, 133 (1973); *Van Dam v. Smit,* 101 N.H. 508, 148 A.2d 289 (1959); *Thistle v. Halstead,* 95 N.H. 87, 58 A.2d 503 (1948); *see* Morely, *Forum Non Conveniens: Restraining Long-Arm Jurisdiction,* 68 Nw. U.L. Rev. 24 (1973); 39 Brooklyn L. Rev. 218 (1972); 58 Cornell L. Rev. 782 (1973).

*Defendant's exceptions overruled.*

All concurred.