Sullivan
No. 7220

KAREN AHERN

v.

EDWIN G. HOUGH
JOHN BRODERICK

May 29, 1976

*Upton, Sanders & Smith* and *John F. Teague (Mr. Teague* orally) for the plaintiff.

*Hall, Morse, Gallagher & Anderson* and *William S. Hall (Mr. Hall* orally) for the defendant Edwin G. Hough.

PER CURIAM. Plaintiff, a resident of New Hampshire, was a passenger in a car operated by defendant John Broderick, a Massachusetts resident, involved in an accident in Colbyville, Vermont, with a car operated by defendant Edwin G. Hough, a resident of Waterbury, Vermont. Plaintiff obtained personal service in New Hampshire on defendant Broderick and seeks to maintain an attachment by trustee process on defendant Hough's liability insurance company in New Hampshire. Plaintiff seeks to maintain quasi in rem jurisdiction over defendant Hough to the extent of his liability insurance coverage. Defendant's motion to dismiss was denied by *Batchelder,* J., and his exception was reserved and transferred by *Johnson,* J.

In *Camire v. Scieszka,* No. 7030 decided today, we determined that we would apply the standards governing assumption of in personam jurisdiction to our exercise of quasi in rem jurisdiction sought by attachment by trustee process of a defendant's liability insurance policy in this State. The present case differs from the

*Camire* case in two respects; one, the plaintiff has obtained personal jurisdiction by service in New Hampshire on a Massachusetts defendant; two, the accident occurred in Vermont, the resident State of the defendant over whom plaintiff seeks to have us exercise quasi in rem jurisdiction.

Tested by the formula established in the *Camire* case we find no justification for the exercise of quasi in rem jurisdiction in this case. Our interest in the case is limited to the plaintiff's residence and does not arise beyond this minimal contact by reason of the fortuitous circumstance of personal service in New Hampshire of the Massachusetts defendant. There is a strong potential of dual trials since Vermont is the only forum for litigation between the two defendants. Finally the accident happened in the State of the defendant Hough's residence and we are unable to discern any basis here to require him to defend himself in another jurisdiction. *Leeper v. Leeper*, 114 N.H. 294, 296, 319 A.2d 626, 628 (1974).

*Exception sustained.*

GRIMES, J., concurred in the result.