Rockingham
No. 7030

DANIEL A. CAMIRE v. CONSTANCE L. SCIESZKA

May 29, 1976

*Shute, Engel & Frazier* and *Robert L. Steuk (Mr. Steuk* orally) for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *James C. Wheat (Mr. Wheat* orally) for the defendant.

GRIFFITH, J. Plaintiff, who is a resident of New Hampshire, seeks damages for property damage and personal injuries allegedly resulting from an accident between a car operated by the defendant, a resident of St. Louis, Missouri and the plaintiff. The

accident occurred in East Lyme, Connecticut. Plaintiff brought suit by attachment of the defendant's insurance company, the State Farm Automobile Insurance Company. Defendant's motion to dismiss was granted by the Trial Court, *Mullavey,* J., who reserved and transferred the plaintiff's exception.

Plaintiff in this case seeks to have us exercise quasi in rem jurisdiction in every action brought by a New Hampshire resident against a foreign defendant for personal injuries sustained outside of the State when the plaintiff has attached in New Hampshire the liability policy of the defendant covering the accident. In *Forbes v. Boynton,* 113 N.H. 617, 313 A.2d 129 (1973), we decided that quasi in rem jurisdiction may be so obtained against a defendant resident of a jurisdiction which has itself adopted this rule, first formulated in *Seider v. Roth,* 17 N.Y.2d 111, 216 N.E.2d 312 (1966).

The decision in the *Forbes* case left undecided the issue of total application of the *Seider* rule with the following caveat of limitation: "We are not holding that the *Seider* rule is to be applied generally to all cases of foreign motorists insured by a company with an office in this State and licensed to do business in New Hampshire. We are merely holding that under the circumstances of this case in a suit by a resident of New Hampshire against a resident of New York where the *Seider* rule prevails the trial court properly denied the defendant's motion to dismiss plaintiff's action." *Id.* at 624, 313 A.2d at 133.

The *Seider* rule based its allowance of jurisdiction attaching quasi in rem by garnishment or trustee process of the defendant's insurance policy on *Robinson v. Carroll,* 87 N.H. 114, 174 A. 772, 94 A.L.R. 1437 (1934). The *Robinson* case established that the rights of a decedent in a liability insurance policy were sufficient property to constitute an estate to support probate jurisdiction. In *Forbes* we held that the rights of an insured in a liability policy after an accident could be reached by attachment by trustee process of the insurer.

Acceptance or rejection of the *Seider* rule has generally been based upon whether or not the company's obligation to defend and indemnify may be attached by garnishment or trustee process. *Accord,* with *Seider* see *Rintala v. Shoemaker,* 362 F. Supp. 1044 (D. Minn. 1973); *Turner v. Evers,* 31 Cal. App. 3d Supp. 11, 107 Cal. Rptr. 390 (1973). *Contra, Howard v. Allen,* 254 S.C. 455, 176 S.E.2d 127 (1970); *DeRentiis v. Lewis,* 106 R.I. 240, 258 A.2d 464 (1969); *State, Government Employees Ins. Co. v. Lasky,* 454 S.W.2d

942 (Mo. App. 1970); *Ricker v. Lajoie*, 314 F. Supp. 401 (D. Vt. 1970). In our opinion application of the *Seider* rule does not automatically follow a ruling that a foreign defendant's insurance policy may be attached by trustee process on the insurer doing business in this State and our caveat in *Forbes* so indicated.

It should be noted that the quasi in rem jurisdiction asserted differs from in rem jurisdiction involving disputes over title to property within the jurisdiction of the State. In the latter situation, the State has always accepted in rem jurisdiction without reference to the residence of the parties. *Kidd v. Traction Co.*, 72 N.H. 273, 56 A. 465 (1903). In the quasi in rem cases it is not enough to say the defendant nonresident's property has been attached in this State and so jurisdiction lies, particularly when the situs of the property is here only because the attachment was made in this State rather than another State.

The quasi in rem jurisdiction is best analyzed in terms of the two-pronged test this court has applied in the context of in personam jurisdiction. "First, the exercise of jurisdiction has to be reasonable from the standpoint of New Hampshire's interest in the litigation. Second, it has to be consistent with principles of fair play and substantial justice." *Leeper v. Leeper*, 114 N.H. 294, 296, 319 A.2d 626, 628 (1974). In thus applying the traditional in personam test to assertion of quasi in rem jurisdiction, we adopt the approach suggested in *Atkinson v. Superior Court*, 49 Cal. 2d 338, 316 P.2d 960 (1957). "In the absence of a settled rule governing the situation before us, and in light of the fact that an intangible may be subjected to the jurisdiction of the court without personal jurisdiction over all of the parties involved for some purposes but not for others, we conclude that the solution must be sought in the general principles governing jurisdiction over persons and property rather than in an attempt to assign a fictional situs to intangibles." *Id.* at 345, 316 P.2d at 964 (Traynor, J.).

A number of the critics of the *Seider* rule have cited the *Atkinson* approach as a possible solution to the problems created by *Seider*. *See Minichiello v. Rosenberg: Garnishment of Intangibles – In Search of a Rationale*, 64 Nw. U. L. Rev. 407, 422 (1969); Stein, *Jurisdiction by Attachment of Liability Insurance*, 43 N.Y.U.L. Rev. 1075, 1109 (1968); *Seider v. Roth: The Constitutional Phase*, 43 St. John's L. Rev. 58, 81 (1968); *Attachment of Liability Insurance Policies*, 53 Cornell L. Rev. 1108, 1116 (1968); Comment, 8 B.C. Ind. & Com. L. Rev. 147, 151 (1967).

In *Forbes* the fact that the defendant over whom quasi in rem

jurisdiction was exercised through his insurance policy was a resident of New York bore upon the question of fair play under the *Leeper* formula. The *Forbes* case provided other compelling reasons under the *Leeper* rule for assumption of quasi in rem jurisdiction. In *Forbes,* two of the three litigants, the plaintiff and one of the defendants, were residents of New Hampshire. Furthermore, given that the statute of limitations had run in Maine, the place of the accident, and that New York apparently would not allow a nonresident plaintiff to invoke the *Seider* rule so as to be able to sue the New Hampshire defendant in New York *(Farrell v. Piedmont Aviation, Inc.,* 411 F.2d 812, 817 (2d Cir. 1969). *But see McHugh v. Paley,* 63 Misc. 2d 1092, 314 N.Y.S.2d 208 (1970)), New Hampshire's interest in the litigation was sufficient to make the assumption of jurisdiction reasonable. The avoidance of dual trials coupled with the broad jurisdiction asserted by the defendant's forum made the exercise of jurisdiction consistent with the principles of fair play and substantial justice.

Applying this test to the facts in the present case leads to the conclusion that assumption of quasi in rem jurisdiction would be parochial and unreasonable. The only New Hampshire contact is the residence of the New Hampshire plaintiff. The Missouri defendant has in no way invoked New Hampshire jurisdiction by entering our State and could not obtain quasi in rem jurisdiction over the plaintiff's insurance policy in Missouri. Only in Connecticut where both parties were amenable to suit and in personam jurisdiction can all litigants obtain a full trial on the merits.

The minimal contact of New Hampshire in this case would not support in personam jurisdiction had it been obtainable *(See Mulhern v. Holland America Cruises,* 393 F. Supp. 1298, 1303 (D.N.H. 1975)) and no special circumstances exist to justify the assumption of quasi in rem jurisdiction.

*Exception overruled.*

GRIMES, J., concurred in the result; the others concurred.