Hillsborough
No. 7856

KRISTA ROCCA, p.p.a.
JOHN ROCCA

v.

VIRGINIA KENNEY

December 30, 1977

*Craig, Wenners, Craig & McDowell,* of Manchester (*Mr. Vincent A. Wenners, Jr.* orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch,* of Manchester (*Mr. Andrew D. Dunn* orally), for the defendant.

GRIMES, J. The issue in this automobile accident case is whether plaintiff, a resident of New Hampshire, has obtained quasi in rem jurisdiction by attaching in New Hampshire a policy of insurance issued to the defendant, a resident of New York, where the accident occurred. Defendant filed a motion to dismiss which was granted on an agreed statement of facts, and plaintiff's exception was transferred by *Brock,* J.

It is agreed that on October 12, 1974, Krista Rocca was a passenger in an automobile driven by her mother, Dee, on a public highway in Brooklyn, New York, which was in collision with an automobile driven by defendant. Defendant's insurance carrier was Empire Mutual Insurance Company, which has no office in New Hampshire, and although licensed to do so, does no business, has no adjustors, and does no advertising in this state. It has paid claims arising out of accidents occurring in New Hampshire.

When an insured moves to this state, it continues coverage until the expiration date of the policies, but it has required its policyholders to secure coverage from other carriers at expiration and has never written an original or a renewal policy in New Hampshire.

Plaintiff brought this action by her father and next friend, John Rocca, and also brought suit against her mother, Dee, alleging in each action that the accident was due to the negligence of the respective defendants. In the action against defendant Kenney, plaintiff sought to attach the policy of insurance issued by Empire by serving process on the insurance commissioner of New Hampshire, relying upon *Forbes v. Boynton*, 113 N.H. 617, 313 A.2d 129 (1973). In that case, a majority of the court followed *Seider v. Roth*, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966), and overruled *Palmer v. Company*, 79 N.H. 28, 103 A. 943 (1918), by holding that a New York resident's rights under a motor vehicle liability policy constituted a sufficient property right to be attachable so as to give New Hampshire "jurisdiction to adjudicate in rem rights arising from the policy."

In *Forbes v. Boynton*, the insurer had an office in New Hampshire and not only was authorized to do, but in fact did, business in this state. The majority stated that it was not holding that the *Seider* rule is to be applied generally to all cases of foreign motorists insured by a company "with an office in this state and licensed to do business in New Hampshire." It stated that it was "merely holding that under the circumstances of this case in a suit by a resident of New Hampshire against a resident of New York where the *Seider* rule prevails, the trial court properly denied the defendant's motion to dismiss plaintiff's action." Among the circumstances "especially" mentioned was the allegation that plaintiff's action was then barred in other jurisdictions.

The *Seider* rule has been criticized extensively. *See Simpson v. Loehmann*, 21 N.Y.2d 305, 234 N.E.2d 669 (1967). *See also Camire v. Scieszka*, 116 N.H. 281, 358 A.2d 397 (1976); *Podolsky v. Devinney*, 281 F. Supp. 488 (1968). Rosenberg, *One Procedural Genie Too Many, or Putting Seider Back Into Its Bottle*, 71 Colum. L. Rev. 660 (1971).

One implication in *Forbes* was that *Seider* was being followed because the New York courts under *Seider* would give the defendant a forum if the roles were reversed, thus visiting upon the citi-

zens of New York the sins of their highest court. This is not a strong reason, however, for the adoption of the rule here.

However, we need not in this case decide whether *Forbes v. Boynton's* holding—that an insured's rights under a liability insurance policy constituted a property right the attachment of which could form the basis of quasi in rem jurisdiction—should continue to stand. Nor do we need to consider whether the holding should be extended to insurers who, although licensed to do business in this state, do not in fact do such business and maintain no office here, because we hold for other reasons that there is no jurisdiction in this case.

*Forbes v. Boynton* was followed by *Camire v. Scieszka,* 116 N.H. 281, 358 A.2d 397 (1976) and *Ahern v. Hough,* 116 N.H. 302, 358 A.2d 394 (1976). These cases held that the application of the *Seider* rule does not automatically result in a ruling that the attachment of a foreign defendant's insurance policy will give New Hampshire courts jurisdiction. *Camire* adopted the two-pronged test applicable to cases involving in personam jurisdiction requiring that the exercise of jurisdiction must be reasonable from the standpoint of New Hampshire's interest in the litigation and it must be consistent with principles of fair play and substantial justice. Applying this rule to the facts in *Camire* and *Ahern,* the court held that there was no jurisdiction.

In June 1977, the Supreme Court of the United States decided *Shaffer v. Heitner,* 433 U.S. 186 (1977). In that case the court held, citing *Camire v. Scieszka,* among other cases, that the "fair play and substantial justice" requirement of *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), applied to quasi in rem jurisdiction and that there must be sufficient minimum contacts of the defendant with the state to give the state jurisdiction. *See Hanson v. Denckla,* 357 U.S. 235 (1958).

Applying the *Camire* test to the circumstances of this case, it is clear that the trial court's dismissal of the action was proper. It does not appear that the defendant had any contacts with this state except that she was involved in her own state in an accident involving a resident of this state. There is nothing which shows that she has "ever set foot in" New Hampshire. *Shaffer v. Heitner,* 433 U.S. 136 (1977). There is no problem here (for whatever relevance it may have) of a bar by the statute of limitations, for the plaintiff has a suit already pending against the defendant in New York. The fact that defendant is a resident of New York does not satisfy

the requirements of *Camire* and *Shaffer v. Heitner,* which look to the contacts of the defendant with this state. The defendant, having no contacts with the state, is not subject to our jurisdiction.

*Exception overruled.*

CANN, J., sat by special assignment pursuant to RSA 490:3; all concurred.