Rockingham
No. 79-087

ANGELA PONO & a.

v.

VIRGIL D. BROCK a/k/a
VIRGLE D. BROCK

November 14, 1979

*Sayer & Kellett*, of Salem (*James A. Sayer, Jr.* orally), for the plaintiffs.

*Wiggin & Nourie*, of Manchester (*James G. Cook* orally), for the defendant.

BROCK, J.   This is a tort action in which the plaintiffs, New Hampshire residents, brought suit against a North Carolina resident for injuries alleged to have occurred in a Georgia automobile accident. Plaintiffs seek quasi in rem jurisdiction based on the attachment of defendant's liability insurance policy in New Hampshire. The Trial Court (*Mullavey*, J.) dismissed the actions for lack of jurisdiction, and the plaintiffs' exceptions were reserved and transferred. We affirm.

The plaintiffs allege that they were injured in a three-vehicle automobile accident in Georgia on February 25, 1972. On February 2, 1978, they brought actions in the Rockingham County Superior Court against the defendant who owned and was operating one of the other vehicles involved. The plaintiffs sought to establish quasi in rem jurisdiction over the defendant by attaching, in New Hampshire, his automobile liability insurance policy issued by the Great American Insurance Company of New York.

A Merrimack County deputy sheriff served a trustee attachment on the New Hampshire insurance commissioner, as provided for by statute. RSA 512:5. The defendant was served personally with notice of the attachment at his home in North Carolina and immediately moved to dissolve the attachment and dismiss the action for lack of jurisdiction. In support of his motions, the defendant attached an affidavit stating

> That he is not now, and never has been a resident of the State of New Hampshire, that he owns no property in the State of New Hampshire, that he has never visited the State of New Hampshire, that he has no business connections whatsoever in the State of New Hampshire, that he owns no stock, bonds, or anything whatsoever with any Company that does business in the State of New Hampshire.

In *Camire v. Scieszka*, 116 N.H. 281, 283, 358 A.2d 397, 399 (1976), we held that the test for in personam jurisdiction first

enunciated in *Leeper v. Leeper*, 114 N.H. 294, 296, 319 A.2d 626, 627–28 (1974), applies to quasi in rem jurisdiction as well. *See Shaffer v. Heitner*, 433 U.S. 186 (1977). Reading *Leeper* together with *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), the two-part test for jurisdiction in New Hampshire is (1) whether the exercise of jurisdiction is reasonable in light of New Hampshire's interest in the litigation, and (2) whether the defendant has sufficient minimum contacts with New Hampshire so that, in the circumstances, the exercise of jurisdiction is consistent with the principles of fair play and substantial justice.

In *Forbes v. Boynton*, 113 N.H. 617, 623, 313 A.2d 129, 133 (1973), we stated that the underlying State interest in allowing the attachment of automobile insurance policies as a basis for quasi in rem jurisdiction was that of providing a forum for resident plaintiffs injured in out-of-State accidents. This is a policy consideration based primarily on providing a convenient forum for State residents. Factors which have been considered in evaluating the need to provide a convenient forum have been: (1) whether the defendant is a resident of a State which would take jurisdiction if the roles of plaintiff and defendant were reversed, *Camire v. Scieszka*, 116 N.H. at 283–84, 358 A.2d at 399; *Forbes v. Boynton*, 113 N.H. at 623–24, 313 A.2d at 133. *But see Rocca v. Kenney*, 117 N.H. 1057, 1059, 381 A.2d 330, 331 (1977); (2) whether the statute of limitations has expired in all other forums. *Id.* at 1059, 381 A.2d at 332; *Camire*, 116 N.H. at 284, 358 A.2d at 399; and (3) whether another forum exists. *Id.* at 284, 358 A.2d at 399; and (4) avoidance of dual trials. *Id.* at 284, 358 A.2d at 399.

Plaintiffs argue that North Carolina would apply the *Seider* rule, *Seider v. Roth*, 17 N.Y.2d 111, 216 N.E.2d 312, 269 N.Y.S.2d 99 (1966), were the roles of plaintiff and defendant reversed. However, plaintiffs have cited no persuasive authority in support of this contention, and we are unable to find any North Carolina case applying the *Seider* rule. The avoidance of dual trials is not a consideration in this case. New Hampshire may have some interest in providing plaintiffs a forum because the statute of limitations has run in both North Carolina and Georgia. *See* N.C. GEN. STAT. § 1-52(5) (1969) (3 years); GA. CODE ANN. § 3-1004 (1975) (2 years). Plaintiffs also argue that the bulk of their medical expenses were incurred in New Hampshire and Massachusetts and that it would be very expensive to transport all their medical witnesses to trial in North Carolina or Georgia. These are representative of the factors which have been considered in determining whether New Hampshire has a State interest in providing resident plaintiffs injured in out-of-State accidents with a forum under the first part of the *Leeper* test.

The second part of the test for jurisdiction under *Leeper* is whether the exercise of jurisdiction would comply with the principles of fair play and substantial justice under the circumstances. This part of the test focuses on the defendant's behavior and his minimum contacts with the forum. Circumstances which have been considered in the past include: (1) whether the defendant has ever "set foot" in the State, *Rocca*, 117 N.H. at 1059, 381 A.2d at 332; *Camire*, 116 N.H. at 284, 358 A.2d at 399; (2) whether the defendant has ever committed an act the consequences of which would foreseeably injure a resident of New Hampshire, *Hall, Morse, Gallagher & Anderson v. Koch & Koch*, 119 N.H. 639, 406 A.2d 962 (1979); and (3) whether defendant has ever invoked the benefits and protections of the State. *Id.* at 646, 406 A.2d at 967.

Plaintiffs do not contest the contents of the affidavit submitted by defendant in support of his motion to dismiss nor does the record before us suggest that the defendant has any contacts with the State of New Hampshire other than the fact that his insurance policy is attachable here. The attachment of an insurance policy not only satisfies a condition precedent to the exercise of quasi in rem jurisdiction, but also provides at least one contact between the defendant and the forum State. In this case, it is the *only* contact. If it were true that an attachable policy could in and of itself constitute sufficient "minimum contacts" with the State to satisfy due process, then all that would be needed to obtain quasi in rem jurisdiction would be the attachment of the policy, and the "minimum contact" with the defendant would be automatic. The Supreme Court of the United States expressly rejected this argument in *Shaffer v. Heitner:*

> [A]lthough the presence of the defendant's property in a State might suggest the existence of other ties among the defendant, the State, and the litigation, the presence of the property alone would not support the State's jurisdiction.

433 U.S. at 209. The fact that the defendant owns a policy attachable in New Hampshire is just one of several factors to be considered, but standing alone it is not sufficient to invoke the exercise of quasi in rem jurisdiction. For that reason we held that New Hampshire did not have jurisdiction in *Rocca supra, Camire supra*, and *Ahern v. Hough*, 116 N.H. 302, 358 A.2d 394 (1976), and so hold here.

The principles of fair play and substantial justice dictate that when as here, the defendant has no contacts with the forum other than

an insurance policy attachable in New Hampshire, there is insufficient basis for the exercise of quasi in rem jurisdiction over the defendant.

*Exceptions overruled.*

GRIMES, C.J., and KING, J., did not sit; the others concurred.