Rockingham
No. 81-319

TRAVELERS INDEMNITY COMPANY

v.

ABREEM CORPORATION & a.

July 2, 1982

*Sulloway, Hollis & Soden*, of Concord (*John W. Mitchell* on the brief and orally), for the plaintiff.

*Gallagher, Callahan & Gartrell P.A.*, of Concord (*Steven J. McAuliffe* on the brief and orally), for the defendants.

DOUGLAS, J. The issue we address in this case is whether the Superior Court (*Contas*, J.) may assert quasi in rem jurisdiction over the defendants when their sole contact with New Hampshire is ownership of real estate here. We hold that the court lacks jurisdiction.

The plaintiff, Travelers Indemnity Company (Travelers), issued performance bonds on the defendants' behalf. In order to obtain the bonds, the defendants provided Travelers with financial statements, which listed real estate in Salem, New Hampshire, as an asset. The defendants agreed to indemnify Travelers for any claims or expenses for which it might be liable as a result of issuing the bonds. They also agreed to deposit certain sums with Travelers as security in the event that claims were actually made.

After the bonds were issued, suppliers and subcontractors made claims totalling $300,000 on the bonds. To meet the claims, Travelers established a $300,000 reserve fund. Pursuant to their indemnity agreement, Travelers asked the defendants to deposit $300,000 with it to be held as security; the defendants, however, failed to deposit the required sum. Travelers instituted suit against the defendants in Massachusetts, alleging that they had breached their contractual indemnity agreement. The Massachusetts court issued a writ of attachment in the amount of $300,000 against property owned by the defendants in Boston, Massachusetts. That property was heavily mortgaged. Because Travelers believed that the property was inadequate security, it brought an action in New Hampshire seeking an ex parte attachment of the Salem, New Hampshire, real estate. Travelers asserted that the attachment was "necessary to vest quasi in rem jurisdiction [in] the court." The ex parte attachment was granted on June 10, 1981. The defendants timely objected, contending *inter alia* that the court had no jurisdiction over them, and asking the court to dismiss the matter

for lack of jurisdiction. The superior court refused to dissolve the attachment, and, although it acknowledged that personal jurisdiction was lacking, it assumed quasi in rem jurisdiction over the lawsuit and the litigants. *See* RSA 511-A:8 II. This is an interlocutory appeal from the court's order denying the defendants' objections to the ex parte order. We reverse and remand.

■■  Quasi in rem jurisdiction "is best analyzed in terms of the two-pronged test this court has applied in the context of in personam jurisdiction." *Camire v. Scieszka,* 116 N.H. 281, 283, 358 A.2d 397, 399 (1976); *see Pono v. Brock,* 119 N.H. 814, 816, 408 A.2d 419, 420 (1979). First, the exercise of jurisdiction must be reasonable in light of New Hampshire's interest in the litigation. *Id.,* 408 A.2d at 420. The plaintiff in this case is incorporated in Connecticut, and the defendants are Massachusetts residents. Defendant Abreem Corporation is registered to do business in New Hampshire, although it appears from the record that it has not conducted business here. The parties entered into their agreement in Massachusetts, and all acts precipitating the lawsuits occurred in Massachusetts. New Hampshire is not related to the parties or the litigation and has no interest which would justify the exercise of jurisdiction.

■  Our second inquiry is whether the defendants have sufficient miminum contacts with New Hampshire so that the exercise of jurisdiction is consistent with the principles of fair play and substantial justice. *Id.,* 408 A.2d at 420; *see Internat. Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Travelers argues that the defendants have the requisite minimum contacts with New Hampshire. It is Travelers' position that the defendants, by listing their Salem, New Hampshire, property as an asset on their financial statements, subjected themselves to the jurisdiction of this State's courts in the event that their property was needed to satisfy a judgment. Listing New Hampshire real estate as an asset does not confer jurisdiction on our courts. If this were a sufficient minimum contact, defendants would be subject to jurisdiction in every state where they owned real estate which had been listed as an asset on a financial statement. Such a result would be illogical, unfair, and contrary to our case law.

■  Nor does the mere presence of real estate support the exercise of jurisdiction. *See Shaffer v. Heitner,* 433 U.S. 186, 209 (1977). Property must be related to the plaintiff's cause of action if it is to serve as the basis for jurisdiction. *Id.* It is merely fortuitous

that one of the defendants' assets is located in New Hampshire: it cannot provide the requisite minimum contacts.

*Reversed and remanded.*

All concurred.