**James A. McCLARY**

v.

**ERIE ENGINE & MANUFACTURING COMPANY; Zurn Industries, Inc.; ASB Industries, Inc., d/b/a EEMCO Erie Engine and Manufacturing Company.**

Civ. No. 93–541–SD.

United States District Court,
D. New Hampshire.

May 19, 1994.

John P. Kalled, Ossipee, NH, for plaintiff.

Jeffrey S. Cohen, Concord, NH, for Erie Engine.

Jeffrey S. Cohen, Concord, NH, for Zurn Industries.

James C. Wheat, Manchester, NH, for ASB Industries.

### ORDER

DEVINE, Senior District Judge.

In this products liability action, plaintiff James A. McClary seeks to recover damages for personal injuries he allegedly suffered while operating a "rubber roller mill", Serial No. 69–1873, that was manufactured and distributed by defendant Erie Engine & Manu-facturing Company (EEMCO) in 1969 while it was a wholly-owned subsidiary of defendant Zurn Industries, Inc. Defendant ASB Industries, Inc., is allegedly liable for plaintiff's injuries under the doctrine of successor liability.

Presently before the court is defendant ASB's motion to dismiss for lack of personal jurisdiction, to which plaintiff objects.

### Discussion

#### 1. Personal Jurisdiction Analysis

A court presented with a personal jurisdiction challenge engages in a two-part inquiry to determine (1) whether the forum's long-arm statute grants personal jurisdiction over the defendant and (2) whether such jurisdiction meets the requirements of due process. *United Elec. Radio & Machine Workers v. 163 Pleasant Street Corp.*, 987 F.2d 39, 42–43 (1st Cir.1993); *Hugel v. McNell,* 886 F.2d 1, 3 (1st Cir.1989), *cert. denied,* 494 U.S. 1079, 110 S.Ct. 1808, 108 L.Ed.2d 939 (1990).

#### 2. The State Long–Arm Statute

The parties to this action point to New Hampshire Revised Statutes Annotated (RSA) 293–A:121 and RSA 510:4 as the long-arm statutes governing jurisdiction over defendant ASB, an unregistered foreign corporation. However, as set forth herein, the court finds that RSA 293–A:15.10 (Supp.1993) is the long-arm statute that governs jurisdiction in this matter.

##### a. RSA 293–A:121

The New Hampshire Business Corporation Act, RSA 293–A:1, *et seq.,* of which RSA 293–A:121 is a part, was repealed and replaced by a revised New Hampshire Business Corporation Act effective January 1, 1993. Accordingly, RSA 293–A:121 does not apply to the present action, which was filed with this court in October of 1993.

RSA 293–A:121 provided in relevant part that,

**Appointment of Process Agent by Foreign Corporation.** If a foreign corpora-

tion[1] ... commits a tort in whole or in part in New Hampshire, the acts shall be deemed to be doing business in New Hampshire by the foreign corporation and shall be deemed equivalent to the appointment by a foreign corporation of the secretary of state of New Hampshire and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of the ... tort.... [T]he committing of a tort shall be deemed to be the agreement of the foreign corporation that any process against it which is served upon the secretary of state shall be of the same legal force and effect as if served on the foreign corporation at its principal place of business in the state or country where it is incorporated and according to the law of that state or country.

RSA 293–A:121 (1987). Said statute was interpreted by the New Hampshire Supreme Court as "the long-arm statute governing service on unregistered foreign corporations." *Zenane, Inc. v. Tofer*, 127 N.H. 366, 366, 499 A.2d 1347, 1348 (1985). *See also Phelps v. Kingston*, 130 N.H. 166, 170, 536 A.2d 740, 742 (1987).

The court notes that RSA 293–A:121 previously operated in conjunction with RSA 293–A:119, the long-arm statute governing foreign corporations authorized to transact business in New Hampshire under the former Business Corporation Act. RSA 293–A:119 provided, inter alia,

I. The registered agent appointed by a foreign corporation authorized to transact business in this state shall be an agent of the corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served.

II. Whenever a foreign corporation authorized to transact business in this state shall fail to appoint or maintain a registered agent in this state, or whenever any registered agent cannot with reasonable diligence be found at the registered office, or whenever the certificate of authority of a foreign corporation shall be suspended or revoked, then the secretary of state shall be an agent for the corporation upon whom any process, notice, or demand may be served.

·    ·    ·    ·

RSA 293–A:119 (1987).

b. RSA 510:4

█ RSA 510:4, I, provides,

Any person who is not an inhabitant of this state and who, in person or through an agent, transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above.

In *Leeper v. Leeper*, 114 N.H. 294, 319 A.2d 626 (1974), the New Hampshire Supreme Court stated, "By using the term 'person' in RSA 510:4 I (Supp.1973), the legislature clearly intended to extend the jurisdiction of our courts over nonresident individuals whose acts fall within the categories enumerated in that statute." *Id.*, 114 N.H. at 296–97, 319 A.2d at 628. *See also Phelps v. Kingston*, 130 N.H. 166, 170, 536 A.2d 740, 742 (1987).

The court rejects RSA 510:4, I, as the long-arm statute that governs jurisdiction over foreign corporations because (1) 510:4 previously existed contemporaneously with RSA 293–A:121, which was treated by the New Hampshire Supreme Court as the "corporate parallel" to 510:4, *Phelps, supra*, 130 N.H. at 171, 536 A.2d 740, and (2) 510:4 currently exists contemporaneously with RSA 293–A:15.10, the statute that replaced RSA 293–A:121, *infra*, Part 2.c. The court therefore finds that the term "person," as it is used in RSA 510:4, does not include corporations. Accordingly, the court finds that

---

1. Previously, "foreign corporation" was defined as "a corporation for profit organized under laws other than the laws of this state for a purpose or purposes for which a corporation may be organized under this chapter." RSA 293–A:2, XI (1987).

RSA 510:4 does not authorize jurisdiction over defendant ASB.

### c. RSA 293–A:15.10

Under the revised New Hampshire Business Corporation Act, RSA 293–A:1.01, *et seq.*, former RSA 293–A:119 and 293–A:121 were replaced by RSA 293–A:15.10. After extensive research, the court has failed to discover a New Hampshire case involving the interpretation of RSA 293–A:15.10. Accordingly, the court follows well-established rules of statutory construction to determine the statute's meaning.

"As a first step in statutory construction, [the court] examine[s] the language found in the statute itself, *Town of Wolfeboro v. Smith,* 131 N.H. 449, 452, 556 A.2d 755, 756 (1989); *Appeal of Coastal Materials Corp.,* 130 N.H. 98, 101, 534 A.2d 398, 399 (1987), and where possible, [the court] 'ascribe[s] the plain and ordinary meanings to words used,' *Leach v. O'Neil[l ],* 132 N.H. 665, 668, 568 A.2d 1189, 1191 (1990)." *Great Lakes Aircraft Co. v. Claremont,* 135 N.H. 270, 277, 608 A.2d 840, 845 (1992). *See also* 2A *Sutherland Statutory Construction* § 46.01 (5th ed.1992).

■ Under RSA 293–A:15.10,

**Service on Foreign Corporation.**

. . . .

(b) A foreign corporation[2] may be served by registered or certified mail, return receipt requested, addressed to the secretary of the foreign corporation at its principal office shown in its application for a certificate of authority or in its most recent annual report if the foreign corporation . . . (1) has no registered agent or its registered agent cannot with reasonable diligence be served;

. . . . .

(d) This section does not prescribe the only means, or necessarily the required means, of serving a foreign corporation.

In revising the state's long-arm statutes for foreign corporations, the New Hampshire Legislature eliminated all of the restrictive long-arm language that appeared in RSA 293–A:121. *Compare* 293–A:121 *with* RSA 293–A:15.10. Further, by allowing all foreign corporations, whether authorized to transact business in New Hampshire or not, to be served by registered or certified mail, the Legislature expanded the means by which foreign corporations may be served. *Compare* RSA 293–A:119 and 293–A:121 *with* RSA 293–A:15.10.

The court also notes that, in making these changes, the Legislature did not incorporate or make reference to RSA 510:4 in RSA 293–A:15.10. Accordingly, there is no basis for finding that the Legislature intended to make RSA 510:4 applicable to corporations. *See* 1A *Sutherland Statutory Construction* § 22.13 (5th ed. 1993) ("The legislature will not be held to have changed a law it did not have under consideration while enacting a later law, unless the terms of the subsequent act are so inconsistent with the provisions of the prior law that they cannot stand together.").

In light of the foregoing, the court concludes that RSA 293–A:15.10 is the new long-arm statute governing jurisdiction over foreign corporations in New Hampshire. The court further finds that the Legislature's elimination of the restrictive long-arm language contained in RSA 293–A:121 and its provision for the service of foreign corporations by mail demonstrate that it intended RSA 293–A:15.10 to authorize jurisdiction over foreign corporations to the full extent allowed by federal law.

■ Because RSA 293–A:15.10 reaches to the federal limit, the traditional two-part personal jurisdiction inquiry collapses into the single question of whether the constitutional requirements of due process have been met. *See Dehmlow v. Austin Fireworks,* 963 F.2d 941, 945 (7th Cir.1992) ("The first inquiry is wholly unnecessary in the case of many modern state statutes which include catch-all provisions that grant to state courts jurisdiction over all matters in which the state may constitutionally assert jurisdiction."). Therefore, if a court's exercise of personal jurisdic-

---

**2.** Under the current Act, "foreign corporation" is defined as "a corporation for profit incorporated under a law other than the law of this state." RSA 293–A:1.40(10) (Supp.1993).

tion over a foreign corporation is consistent with the due process requirements of the Fourteenth Amendment, RSA 293–A:15.10 authorizes jurisdiction over said defendant.

### 3. The Requirements of Due Process

■ A court's exercise of personal jurisdiction over a non-resident defendant meets the requirements of due process if the court finds that the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)).

To establish minimum contacts on a theory of specific jurisdiction, a plaintiff must first demonstrate that this cause of action "arises out of, or relates to" defendant's contacts with the forum state, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 [104 S.Ct. 1868, 1872, 80 L.Ed.2d 404] (1984). Then, the plaintiff must demonstrate the deliberateness of the defendant's contacts, or, phrased another way, that the defendant "purposefully availed itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

*Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 204, 206 (1st Cir.1994).

"[T]he Due Process Clause 'does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations.'" *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294, 100 S.Ct. 559, 565, 62 L.Ed.2d 490 (1980) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945)).

Further, the United States Supreme Court has "rejected the theory that foreseeability of an injury in states other than the one of manufacture or sale can be a foothold for jurisdiction." *Dalmau Rodriguez v. Hughes Aircraft Co.*, 781 F.2d 9, 13 (1st Cir.1986)

(citing *World–Wide Volkswagen, supra*, 444 U.S. at 294, 100 S.Ct. at 565). *See also Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987) ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State."). The foreseeability that the Court sees as critical to due process analysis is "not 'the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Dalmau Rodriguez, supra*, 781 F.2d at 13–14 (quoting *World–Wide Volkswagen, supra*, 444 U.S. at 297, 100 S.Ct. at 567).

### 4. Standard of Proof

■ "Where ... a district court elects to dispose of a Fed.R.Civ.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the 'prima facie' standard should govern the court's review." *United Elec. Workers, supra*, 987 F.2d at 43 (footnote omitted). "Under this standard, it is plaintiff's burden to demonstrate the existence of 'every fact required to satisfy "both the forum's long-arm statute and the [D]ue [P]rocess [C]lause of the Constitution."'" *Id.* at 44 (quoting *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir.1992) (quoting *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir. 1990))). In determining whether a prima facie showing has been made, the court "accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law." *Id. See also Boit, supra*, 967 F.2d at 675.

### 5. Personal Jurisdiction over Defendant ASB

Plaintiff contends that this court has personal jurisdiction over defendant ASB because ASB is liable as a successor corpora-

tion for the acts of defendant EEMCO, the manufacturer of the machine in question.[3]

In order to make a prima facie showing that this court has personal jurisdiction over defendant ASB under the doctrine of successor liability, plaintiff must demonstrate (1) that the court has personal jurisdiction over EEMCO and (2) that ASB is liable as a successor to EEMCO under New Hampshire law. *See Williams v. Bowman Livestock Equip. Co.*, 927 F.2d 1128, 1132 (10th Cir. 1991) ("A corporation's contacts with a forum may be imputed to its successor if forum law would hold the successor liable for the actions of its predecessor."); *Richmond v. Madison Management Group, Inc.*, 918 F.2d 438, 454–55 (4th Cir.1990); *Mesiti v. Microdot, Inc.*, 739 F.Supp. 57, 60 (D.N.H.1990). *See also Neagos v. Valmet–Appleton, Inc.*, 791 F.Supp. 682, 688–89 (E.D.Mich.1992) (a successor corporation "will be subject to long-arm jurisdiction in a suit to enforce the obligation [of its predecessor] if the predecessor would have been subject to such jurisdiction").

Plaintiff contends that this court's exercise of personal jurisdiction over defendant EEMCO meets the requirements of due process because it was reasonably foreseeable that a rubber-roller mill manufactured by EEMCO in 1969 would make its way into New Hampshire and cause injury.

In response, defendant submits copies of a purchase order and sales invoice, both showing that a rubber-roller mill with Serial No. 69–1873 was manufactured and sold by EEMCO to Rubber Products Co. of Cleveland, Ohio, in 1969. *See* Exhibits B and C (attached to Defendant's Memorandum).

There is no evidence showing how the machine in question came to be located in New Hampshire. Further, there is no evidence that EEMCO had any other contacts, ties, or relations with the state of New Hampshire.

On the basis of all of the evidence before it, the court finds that plaintiff has failed to make a prima facie showing that this court has personal jurisdiction over defendant EEMCO.[4] Consequently, the court further finds that plaintiff has failed to establish that this court has personal jurisdiction over defendant ASB under the doctrine of successor liability.

### Conclusion

For the reasons set forth herein, defendant ASB Industries, Inc.'s motion to dismiss for lack of personal jurisdiction (document 18) must be and herewith is granted.

SO ORDERED.

---

**3.** The court notes that plaintiff has presented no evidence that ASB has minimum contacts of its own with the state of New Hampshire.

**4.** As a result of this finding, the court need not consider whether plaintiff has made a prima facie showing that defendant ASB is liable as a successor to defendant EEMCO under New Hampshire law.