Adhesive Tech. v. Western Trimming    CV-94-415-B    06/08/95

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Adhesive Technologies, Inc.

        v.                                    Civil No. 94-415-B

Western Trimming Corp.


**O R D E R**


Plaintiff, Adhesive Technologies, Inc. ("AdTech"), filed suit against the defendant, Western Trimming Corporation, ("Westrim"), in this court alleging infringement of its patent in violation of 35 U.S.C.A. § 1 et seq. (West 1984 & Supp. 1995). Westrim seeks dismissal of the complaint on grounds that this court lacks personal jurisdiction and improper venue. In the alternative, it seeks to have the case transferred to the United States District Court for the Central District of California. AdTech filed an objection to the defendant's motion. For the following reasons, I deny defendant's motion to dismiss or in the alternative to transfer the case.

# I. BACKGROUND[1]

AdTech is a New Hampshire corporation and maintains its principal place of business in this state. Its business relates to the development, manufacture, and sale of products in the metal hot adhesive industry, including glue guns and glue sticks. Most of AdTech's manufacturing takes place in New Hampshire at its own facility and its other produces are manufactured in Taiwan. Its products are shipped around the world to distributors and most of its sales are made outside this state.

Westrim is a California corporation and has its principal place of business in that state. It engages in business similar to that of AdTech, including the marketing of glue guns. Westrim

---

[1] A plaintiff facing a motion to dismiss for lack of personal jurisdiction has the burden of demonstrating "the existence of 'every fact required to satisfy both the forum's long-arm statute and the [D]ue [P]rocess [C]lause of the Constitution.'" United Elec. Radio & Mach. Workers v. 163 Pleasant St. Corp., 987 F.2d 39, 44 (1st Cir. 1993) (quoting Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992) (internal quotations and citations omitted)). This prima facie showing must be supported by specific facts in the record and therefore may not rest merely on what is contained in the pleadings. Id. "However, in determining whether the prima facie demonstration has been made, the district court is not acting as a factfinder; rather, it accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law." Id. I employ this standard in reciting the relevant factual background.

has no sales representatives or business agents in New Hampshire. Nor has any other department of Westrim ever been located in this state. It has never had a license to do business here. Nor have its employees visited New Hampshire for any business related reason. Less than one percent of Westrim's total sales for 1992 and 1993 were in New Hampshire.

Westrim employs a sales representative to cover all of New England, including New Hampshire. Westrim asserts that it never directly sold its Model 260D glue gun in New Hampshire, although it acknowledges that it markets that glue gun to the House of Fabrics, a nationwide distributor. House of Fabrics has an established distribution network and ships items across the country, including New Hampshire, from its warehouse in South Carolina.

AdTech alleges in its complaint that Westrim infringed its patent for a glue gun invented by Peter S. Melendy, President of AdTech, and Richard A. Belanger, both residents of New Hampshire and both listed on the patent. Melendy purchased the allegedly infringing glue gun from a House of Fabrics outlet in Manchester, New Hampshire. Further, although Westrim disputes the point, AdTech alleges in the complaint and its supporting memorandum that Westrim distributed the infringing glue gun.

3

## II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Westrim asserts that its contacts with this forum are insubstantial and well below the minimum requirements authorized by New Hampshire's long arm statute and the United States Constitution. AdTech contends that Westrim is subject to personal jurisdiction in this district because it was foreseeable that its product would be sold in New Hampshire through its distributors. Thus, AdTech contends, the defendant purposefully availed itself of the privilege of conducting activities in New Hampshire.

### A. New Hampshire's Long Arm Statute

Because Westrim is a foreign corporation,[2] the applicable long arm statute is N.H. Rev. Stat. Ann. 293-A:15.10 (Supp. 1994).[3] McClary, 856 F. Supp. at 55. That statute provides in

---

[2] A "foreign corporation" is defined as "a corporation for profit incorporated under a law other than the law of this state." N.H. Rev. Stat. Ann. § 293-A:1.40(10) (Supp. 1994). Because Westrim is incorporated under the laws of California it falls within this definition.

[3] Defendants cite N.H. Rev. Stat. Ann. § 510:4 (1983 & Supp. 1994) as the controlling long-arm statute in this case. This court, however, has noted in prior decisions that § 510:4 does not apply to corporations. McClary v. Erie Engine & Mfg. Co., 856 F. Supp. 52, 54 (D.N.H. 1994) (citing Leeper v. Leeper, 114 N.H. 294, 296-97 (1974)). The court noted two reasons: (1) the use of the term "person" in the statute; and (2) the

4

pertinent part:

> (b) A foreign corporation may be served by registered or certified mail, return receipt requested, addressed to the secretary of the foreign corporation at its principal office shown in its application for a certificate of authority or in its most recent annual report if the foreign corporation: (1) has no registered agent or its registered agent cannot with reasonable diligence be served. ...
> (d) This section does not prescribe the only means, or necessarily the required means, of serving a foreign corporation.

N.H. Rev. Stat. Ann. 293-A:15.10.

This statute has been interpreted "to authorize jurisdiction over foreign corporations to the full extent allowed by federal law." McClary, 856 F. Supp. at 55 (two step personal jurisdiction inquiry collapses into one inquiry). Therefore, the sole question I must address is whether the constitutional requirements of due process have been met. See Mitrano v. Eastern Trans-Waste, Inc., No. 94-171-JD, slip op. at 5-6 (D.N.H. Oct. 25, 1994); McClary, 856 F. Supp. at 55.

---

existence of other statutes deemed to be the "corporate parallel" of § 510:4. Id. Therefore, the proper statute governing corporations is § 293-A:15.10.

5

## B. Constitutional Analysis: Due Process[4]

Under <u>International Shoe Company v. Washington</u>,

due process requires only that in order to subject a defendant to a judgment <u>in</u> <u>personam</u>, if he be not present within the territory of the forum, he must have certain minimum contacts with it such that the maintenance of the  suit does not offend traditional notions of fair play and substantial justice.

326 U.S. 310, 326 (1945) (internal quotations and citations

omitted).  The court's exercise of personal jurisdiction is

proper if "the defendant's conduct and connection with the forum

[s]tate are such that [it] should reasonably anticipate being

haled into court there."  <u>World-Wide Volkswagen Corp. v. Woodson</u>,

444 U.S. 286, 297 (1980); <u>accord</u> <u>Hanson v. Denckla</u>, 357 U.S. 235,

253 (1958) (focus is on concept of purposeful availment not

random, isolated, or fortuitous contacts).

---

[4]  Although subject matter jurisdiction arises because of the existence of a federal question, the same principles governing the exercise of personal jurisdiction which control in a diversity action are controlling here.  <u>See</u> <u>United Elec. Radio & Mach. Workers v. 163 Pleasant St. Corp.</u>, 960 F.2d 1080, 1085-86 (1st Cir. 1992) (noting that Fifth not Fourteenth Amendment governs limits of court's personal jurisdiction in federal question cases), <u>appeal after remand</u>, 987 F.2d 39 (1st Cir. 1993); <u>accord</u> <u>Horne v. Adolph Coors Co.</u>, 684 F.2d 255, 259 (3d Cir. 1982) (in patent case only constitutional limit on exercise of personal jurisdiction is fairness to defendant required by Fifth Amendment due process).

Two types of personal jurisdiction exist: general and specific. United Elec. Workers, 960 F.2d at 1088. "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Id. (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-16, 414 n.9 (1984)). When a forum state cannot assert general jurisdiction over a defendant, however, it may still exercise specific jurisdiction where the cause of action arises out of, or relates to, the defendant's contacts with the forum state. Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 204 n.3 (1st Cir. 1994); United Elec. Workers, 960 F.2d at 1088-89. AdTech does not allege that the court has general jurisdiction over Westrim. Therefore, my inquiry focuses on whether this court may exercise specific jurisdiction.

The First Circuit has formulated a tripartite test for the ascertainment of specific jurisdiction. United Elec. Workers, 960 F.2d at 1088-89. First, the claim underlying the litigation must "directly arise out of, or relate to, the defendant's forum-state activities." Id. at 1089. Second, the plaintiff must show that the defendant's in-state contacts represent purposeful

7

availment of the privilege of conducting activities in the forum state invoking the benefits and protection of the state's laws and making the defendant's involuntary presence before the state courts foreseeable. Id.; Ticketmaster, 26 F.3d at 206. Finally, the exercise of jurisdiction, in light of certain Gestalt factors, must be reasonable. United Elec. Workers, 960 F.2d at 1089.[5]

1. Relatedness

Relatedness "focuses on the nexus between the defendant's contacts and the plaintiff's cause of action." Ticketmaster, 26 F.3d at 206. This focus establishes causation as the underlying theme of the due process requirement. Id. Westrim placed its Model 260D glue gun into the stream of commerce and knew that

---

[5] The Supreme Court in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985), limned five factors relevant to determining whether jurisdiction over the defendant is consistent with the concepts of fair play and substantial justice. The First Circuit deemed those factors the "Gestalt" factors and they are:
(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.
United Elec. Workers, 960 F.2d at 1088 (citing Burger King, 471 U.S. at 477)).

8

infringement of a valid patent would cause injury to the owner of that patent in whatever state they resided. See Horne, 684 F.2d at 260. AdTech produced sufficient evidence to demonstrate that many of Westrim's products are sold in New Hampshire and at least one Model 260D glue gun was sold in New Hampshire. Therefore, Westrim's connections to New Hampshire are "related to" AdTech's cause of action.

2. Purposeful Availment

The two cornerstones to the purposeful availment inquiry are foreseeability and voluntariness. Ticketmaster, 26 F.3d at 207, 208 (jurisdiction must be based on act of defendant not unilateral act of third party) (citing Burger King, 471 U.S. at 475). Denial of direct shipment or sale of the accused product is insufficient to defeat personal jurisdiction where the defendants ship indirectly through established distributors known to sell goods throughout the country. Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1563 (Fed. Cir.), cert. dismissed, 115 S. Ct. 18 (1994); cf. Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distrib., 647 F.2d 200, 205 (D.C. Cir. 1981) (due process does not prohibit exercise of personal jurisdiction in trademark infringement action where nonresident defendant ships goods to intermediary with expectation that goods

9

will then be distributed to region including the forum state).

In its complaint, AdTech alleges that Westrim distributes glue guns in this district through a distributor, the House of Fabrics. In its objection to Westrim's motion to dismiss, AdTech also demonstrates the nature of the House of Fabrics distribution system which involves nationwide disbursement of products sold to it by manufacturers. Westrim's motion and supporting declaration do not directly contravene these assertions; rather Westrim merely contends that it did not directly sell or distribute its glue gun in New Hampshire. Moreover, AdTech notes that because the products at issue are shipped across the country, those products must conform to the local laws of the states where they are ultimately sold. Therefore, it is reasonable to conclude that a manufacturer such as Westrim is aware of the requirements of local laws of the states to which its products are ultimately shipped and ensures that its products comply with those laws. Finally, Westrim employs a sales representative that is responsible for sales to New Hampshire, among other states in the New England area. Thus, AdTech has made a sufficient prima facie showing that the purchase of a Westrim Model 260D glue gun in New Hampshire was not merely fortuitous, but resulted from the intentional act of placing it in an established distribution

10

chain.  See Beverly Hills Fan, 21 F.3d at 1564; Honeywell, Inc. v. Metz Apparatewerke, 509 F.2d 1137, 1144 (7th Cir. 1975) (based on economic and commercial realities defendant cannot defeat jurisdiction by claiming ignorance as to ultimate destination of products).

3.  The Gestalt Factors

If exercise of personal jurisdiction over Westrim would be inconsistent with fair play and substantial justice despite the existence of the requisite minimum contacts with New Hampshire, this court cannot exercise personal jurisdiction over Westrim. See Ticketmaster, 26 F.3d at 206, 209-10 (surveying circuits and noting cases reaching such result are rare) (citing Burger King, 471 U.S. at 477-78); Beverly Hills Fan, 21 F.3d at 1568 (noting only case where this arises is where plaintiff's and state's interests in adjudication are very attenuated and are clearly outweighed by burden on defendant); accord Asahi Metal Indus. Co. v. Superior Ct. of Cal., 480 U.S. 102, 115-16 (1987) (jurisdiction unreasonable even though minimum contacts arguably fulfilled).  Therefore, "dismissal may be appropriate on grounds of reasonableness even if considerations of relatedness or purposefulness, taken in isolation, could support the exercise of jurisdiction."  Ticketmaster, 26 F.3d at 210 (citations omitted).

11

For the following reasons, I conclude that the plaintiff's prima facie showing of minimum contacts comports with traditional notions of fair play and is therefore reasonable.

### a. Burden of Appearing

The burden on the defendant to appear in a forum a great distance from its principal place of business is "entitled to substantial weight in calibrating the jurisdictional scales." Id. (burden on California defendant to defend in Massachusetts substantial). But see Beverly Hills Fan, 21 F.3d at 1569 (noting that progress in communication and transportation mitigates this burden). Thus, the burden placed on Westrim to travel from California to defend this action in New Hampshire weighs in favor of concluding that the exercise of personal jurisdiction over them would be unreasonable. Based on my assessment of the other factors, however, this factor alone, although entitled to significant weight, is insufficient to trump the finding of relatedness and purposeful availment. See Ticketmaster, 26 F.3d at 210 (whether reasonableness trumps minimum contacts is sliding scale).

### b. Forum State's Interests

"The forum state has a demonstrable interest in exercising jurisdiction over one who causes tortious injury within its

borders." <u>Id.</u> at 211 (citing <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 776 (1984)). Where the infringing act is the sale of a patented item, the situs of the injury is the state where the infringing item is sold. <u>North Am. Philips Corp. v. American Vending Sales</u>, 35 F.3d 1576, 1579 (Fed. Cir. 1994) (infringement occurs where offending act is committed); <u>Horne</u>, 684 F.2d at 259. Not only was the infringing gun sold in New Hampshire, but the owners of the patent in this case are residents of New Hampshire. Thus, this state has a strong interest in exercising jurisdiction over the defendant because the offending act and the injury occurred in this state. <u>Horne</u>, 684 F.2d at 260 (notions of fair play not offended where patent owner is resident of forum state).

### c. The Plaintiff's Interest in Convenient and Effective Relief

AdTech is a New Hampshire corporation and the owners of the alleged patent are also residents of this state. AdTech's records, necessary to demonstrate the extent of their injury caused by the alleged infringement, are located in this state. In light of the deference that must be accorded the plaintiff's choice of forum and the actual convenience for the plaintiffs in this case, this factor counsels in favor of reasonableness in exercising jurisdiction over Westrim. <u>Ticketmaster</u>, 26 F.3d at

13

211 (citing <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241 (1981)).

### d. Other Factors

The remaining Gestalt factors, the effective administration of justice and pertinent policy arguments, do not appear to weigh strongly in either direction.  Thus, I conclude that the defendant's showing of unreasonableness is not sufficient to trump AdTech's solid showing of relatedness and purposeful availment.  <u>See</u> <u>Ticketmaster</u>, 26 F.3d at 212 (unreasonableness showing sufficient to trump relatedness and purposefulness where those connections were tenuous at best).  Thus, I conclude that the constitutional requirements of due process have been met and jurisdiction over Westrim is proper.

### III. MOTION TO DISMISS FOR IMPROPER VENUE

Westrim also argues that this case should be dismissed or transferred because of improper venue pursuant to 28 U.S.C.A. 1406(a) (West 1993).[6]  <u>See</u> Fed. R. Civ. P. 12(b)(3).  Patent

---

[6]  Section 1406(a) states in pertinent part: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  <u>Id.</u>

actions may be brought in any district where the defendant resides. 28 U.S.C.A. § 1400(b) (West 1993)[7] The general venue statute for district courts defines a corporation's residence as any judicial district where the corporation may be subject to personal jurisdiction. 28 U.S.C.A. § 1391(c) (West 1993).[8] Thus, a corporate defendant may be properly sued for patent infringement in any district where it is subject to personal jurisdiction. VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1580, 1583 (Fed. Cir. 1990) (§ 1391(c) and § 1400(b) should be read together), cert. denied, 499 U.S. 922 (1991). For the foregoing reasons, therefore, defendant's motion to dismiss or transfer for improper venue is also denied. See Fed. R. Civ. P. 12(b)(3).

---

[7] Section 1400(b) states in pertinent part: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Id.

[8] Section 1391(c) states in pertinent part: "For purposes of venue under this chapter [Chapter 87], a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Id.

## IV. MOTION TO TRANSFER

Westrim also requests that this case be transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C.A. § 1404(a) (West 1993).[9]  In support of its motion to transfer Westrim states that it resides in the Central District of California and the case could have been brought in that forum.  Westrim's business records are located there and many relevant witnesses who are Westrim employees reside in California.  Further, Westrim argues that the only significant third party involved is the House of Fabrics whose corporate headquarters are located in Los Angeles County.  Finally, Westrim asserts that AdTech's business records are of negligible significance in the decision to transfer because they are only tangentially related, if at all, to their claim.  AdTech objects to Westrim's request for transfer primarily because any transfer will only shift the inconvenience from the defendant to the plaintiff which is insufficient to justify transfer under § 1404(a).

---

[9]  Section 1404(a) states in pertinent part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division were it might have been brought."  Id.

16

"The convenience of the parties and the witnesses and the availability of documents needed for evidence are factors a district court must consider in resolving whether to grant a motion to transfer venue under section 1404(a)." Crosfield Hastech, Inc. v. Harris Corp., 672 F. Supp. 580, 589 (D.N.H. 1987). The defendant's burden is substantial and absent a strong showing in favor of the defendant, the plaintiff's forum choice should be preserved. Id. (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). Moreover, "[t]ransfer is inappropriate if the effect is merely to shift inconvenience from the defendant to the plaintiff." Id.

Westrim's argument for transfer demonstrates the inconvenience it would face in having to defend in New Hampshire. Even if this showing were specific enough to demonstrate that there is great inconvenience in proceeding in this district, see id. (need for unnamed witnesses and unspecified documents insufficient to meet burden), these same inconveniences will be experienced by AdTech were the case to be transferred to California. Further, New Hampshire has a significant interest in providing a forum to remedy injuries occurring within its borders. Therefore, I conclude that Westrim has failed to demonstrate that the balance of conveniences weighs heavily in

17

their favor and that the interests of justice would be better served by adjudicating the controversy in California instead of New Hampshire. Thus, I deny defendant's motion to transfer. See 28 U.S.C.A. § 1404(a).

## V. CONCLUSION

For the foregoing reasons I deny defendant's motion to dismiss and in the alternative to transfer this case (document no. 9).

SO ORDERED.

                                   _____
                                   Paul Barbadoro
                                   United States District Judge

June 8, 1995

cc:  Daniel G. Smith, Esq.
     Conrad J. Clark, Esq.
     John E. Kelly, Esq.
     Brian C. Goudas, Esq.