Pierce, J.
The defendants, Dover Home & Carpet, Inc., d/b/a The Dover Rug Company Inc., d/b/a The Dover Rug Company and/or Dover Fine Oriental Rugs & Carpeting, have appealed the summary judgment in this action brought by the plaintiff, Barbara H. Smith (“Smith”), to enforce a New Hampshire judgment. The defendants contend that the New Hampshire judgment is not entitled to full faith and credit in Massachusetts because Smith failed to make valid service of process on the defendants in the New Hampshire action. For the reasons set forth below, the allowance of summary judgment is vacated, and Smith’s complaint is dismissed.
On January 16, 2009, Smith commenced a civil action in the Nashua New Hampshire District Court against “The Dover Rug Company, Inc., d/b/a The Dover Rug Company and/or Dover Fine Oriental Rugs & Carpeting and/or Dover Home and Carpet” in connection with the sale and installation of carpeting at Smith’s New Hampshire residence. The pleading initiating the litigation was a Writ of Summons (the “Writ”), the New Hampshire equivalent of a complaint. The Writ included claims for breach of warranty and alleged violations of G.Lc. 93A and its New Hampshire counterpart.
Since the defendants are all located in Massachusetts, Smith proceeded with service of process according to the terms of New Hampshire’s long-arm statute, N.H. Rev. Stat. Ann. (“RSA”) 510:4. On January 22,2009, Michelle L. Clarke, a deputy with the Merrimack County Sheriff’s office in Concord, New Hampshire, executed an affidavit of service stating that on that date a copy of the Writ had been delivered to the Office of the New Hampshire Secretary of State pursuant to RSA 510:4. On January 29, 2009, Attorney Richard C. Follender (“Follender”), counsel for Smith throughout these proceedings, executed an affidavit stating that, pursuant to RSA 510:4, a copy of the Writ had been sent to the defendants via certified mail, return receipt requested. Attached to the Follender affidavit was a certified mail receipt sent to “Dover Rug Company, Inc., 549 Worcester Road, Natick, MA 01760.” The return receipt was addressed to: “Mr. Mahmud Jafri, CEO Dover Rug Company, 549 Worcester Road, Natick, MA 01760.” The section of the return receipt to be completed on delivery contained an unidentified signature.
*102 On March 24, 2009, a judge of the Nashua District Court in New Hampshire issued a notice of default against the defendants for failing to file an appearance, answer the claims, or otherwise appear in the action. On March 31, 2009, Attorney Michael Magerer (“Magerer”) forwarded to the Nashua District Court a “Motion of “The Dover Rug Company’ (Misnomer of Party) to Vacate Default, By and through Dover Home & Carpet, Inc.” Magerer’s accompanying cover letter instructed the court clerk as follows: “Also, please enter my Appearance for the named Defendant, The Dover Rug Company,’ subject to the enclosed motion. I am in the process of retaining local counsel for purposes of representation, either directly or pursuant to a Motion for Admittance Pro Hac Vice.”
The motion to vacate stated that “Dover Home & Carpet, Inc.,” not “The Dover Rug Company,” was located at the Natick address where Smith had served the Writ. The motion admits that the names of the two entities “are substantially similar, so as to cause confusion, thus prompting Dover Home & Carpet, Inc., d/b/a Dover Rug Company (‘Dover Home’), to file this present Motion.” The motion also stated that The Dover Rug Company is not related to what Attorney Magerer refers to as “Dover Home” and “the two entities do hot have commonality of ownership and/or management (officers).”
On April 9,2009, Smith filed an opposition to the motion to vacate, with the following exhibits attached:
A sales order for the work at Smith’s home, dated August 15,2007, with the letterhead: “Dover Fine Oriental Rugs & Carpeting, 549 Worcester Rd., Natick, MA 01760.”
A VISA credit card receipt, also dated August 15, 2007, with the name “Dover Home & Carpet,” and again, the 549 Worcester Road, Natick address.
A Certificate printed April 6,2009, from the Corporations Division of the Massachusetts Secretary of State for Dover Home & Carpet, Inc., listing 184 Worcester Street, Route 9, Wellesley, Massachusetts as the location of its principal office, Zeba M. Jafri as the president of the company, and Mahmud Jafri as the secretary.
A second Certificate from the Massachusetts Secretary of State, apparently printed December 31,2008, for Dover Rug Company, Inc., listing the same Wellesley address and Syed Ali Jafri as the president, treasurer, and secretary.
An annual report for the Dover Rug Company, Inc., dated January 16, 2003, listing Mahmud Jafri as clerk and a director of the company.
Redacted correspondence between the parties, including a letter to Smith dated December 17, 2007, on letterhead captioned: “Dover Fine Rugs & Carpeting” at 549 Worcester Street, Natick and 1420 Washington Street, Hanover, Massachusetts, with a copy to Mahmud Jafri.
*103 Printed material from defendant’s web site referring to Dover Fine Rugs and Carpeting & Dover Rug Company, Inc. with addresses at 549 Worcester Road, Natick and 1344 Washington Street, Hanover. The material refers to Mahmud Jafri as CEO and the “founder” of “Dover Rug” and explains that in 1989 the business opened a showroom in Dover, Massachusetts, before moving to Wellesley and then opening a second showroom in Hanover. The material also states that in 2001, the Wellesley operation moved to Natick, and in 2005, the Hanover operations moved to another “more accommodating facility,” also in Hanover.
Together with her opposition to the motion to vacate, Smith filed a motion to amend Writ of Summons due to misnomer, seeking to restate the defendant’s name as “Dover Home & Carpet, Inc., d/b/a The Dover Rug Company, Inc., d/b/a the Dover Rug Company and/or Dover Fine Oriental Rugs & Carpeting and/or Dover Home and Carpet.” Smith’s supporting affidavit explained: “During the course of our business dealings, the Defendant provided several different names to me regarding the name of its business; however, I always understood the name to be The Dover Rug Company or The Dover Rug Company, Inc.”
On April 10,2009, Nashua District Court Judge Michael J. Ryan issued an “Order Denying Defendant’s Motion to Vacate Default and Granting Plaintiff’s Motion to Amend Writ of Summons Due to Misnomer.” In the order, Judge Ryan made the following findings:
Mr. Mahmud Jaffri [sic], the Secretary of Dover Home & Carpet, Inc., was served a copy of the Writ of Summons by certified mail as required by New Hampshire law. He, or someone acting on his behalf, signed the Receipt for the envelope containing the Writ. The Writ was also served on the New Hampshire Secretary of State as required by New Hampshire law. The address to which the letter was sent was 549 Worcester Road, Natick, Massachusetts. The defendant states in its Motion to Vacate that 549 Worcester Road Natick, Massachusetts is the address of Dover Home & Carpet, Inc. In her Writ of Summons, the plaintiff listed Dover Home and Carpet as a defendant. While the name was listed as a d/b/a in the Writ, it gave the defendant sufficient notice that it was being sued. Contrary to the assertions made by the defendant in its Motion, the defendant was properly named in the Writ and was properly served.
On April 24, 2009, Smith filed a motion for final judgment, seeking treble damages, plus attorney’s fees and costs. On September 10, 2009, the Nashua District Court issued a notice of decision, awarding Smith the relief requested.
On September 21, 2009, Smith filed this suit in the Natick District Court to enforce the New Hampshire judgment. On October 20,2009, Attorney Magerer filed his appearance in the Natick action, together with a motion to dismiss. The motion again alleged that the defendant Dover Home & Carpet, Inc. never received lawful service of process in the New Hampshire action and, therefore, the subsequent New Hampshire judgment was not entitled to full faith and credit in Massachusetts. The *104 motion was accompanied by the affidavit of “Mahmud Syed Jafri, a/k/a Mahmood S. Jafri” (“Jafri”), which explained:
From approximately February 1990, through February 1995, the predecessor of the Dover Rug Company, Inc., Dover Oriental Rug Co., operated a Dover Rug retail store at 4 Walpole Street, Dover, Massachusetts. From in or about March 1995 through June 2002, the Dover Rug Company, Inc., operated a Dover Rug retail store at 184 Worcester Street, Wellesley, MA 02481, which is now closed, and a store in Hanover, which was previously located at 1269 Washington Street, Hanover, Massachusétts 02339. The Corporation is no longer a going concern and its business affairs have been wound up.
In the affidavit, Jafri denies that he has ever been a shareholder of either Dover Home & Carpet, Inc. or The Dover Rug Company Inc.; but with respect to both entities, he admits being “paid a salary primarily as the General Manager... overseeing the day to day operations [of both companies].” Attached to the Jafri affidavit was a lease extension, dated December 24, 2008, identifying the lessee as the “Dover Home & Carpet, Inc., d/b/a The Dover Rug Company” and the “Premises” as 549 Worcester Road, Natick. The motion to dismiss was denied on November 20, 2009.
On January 20, 2010, Smith filed a motion for summary judgment. Defendants’ opposition thereto was filed on January 26, 2010. After a hearing on April 21, 2010, the motion for summary judgment was allowed. This appeal followed.
“ [T]he judgment of a State court which had jurisdiction of the parties and the subject matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits....” Roche v. McDonald, 275 U.S. 449, 451-452 (1928). See Art. IV, §1 of the United States Constitution; G.L.c. 235, §14(a). An exception to the constitutional mandate of full faith and credit exists where the defendant shows there was no personal or subject matter jurisdiction. Defects in service of process may be sufficient to allow a defendant to avoid liability on an action upon a foreign judgment. See Shapiro Equip. Corp. v. Morris & Son Constr. Corp., 369 Mass. 968, 969 (1976).
While the arguments advanced by the defendants are at best confusing and contradictory, in essence they contend that the service of process sent to Mahmud Jafri, as CEO of Dover Rug Company at 549 Worcester Road, Natick, was not effective because Dover Rug Company never did business at that address. Therefore, according to the defendants, there never was effective service of process on that company or any of the other entities named by Smith in the Writ. While not persuaded by this argument, we do conclude that Smith failed to comply with applicable law governing service of process on a foreign corporation.
Given the different business names that the defendants have used for conducting the same, overlapping, or closely related businesses, as well as the different names referred to during defendants’ business dealings with Smith, she had good cause to list the various entities as she did in both the New Hampshire and Massachusetts actions. Furthermore, Smith had good cause to direct the service of process to Jafri, the “founder” of the various companies and a corporate officer of both Dover Home *105 & Carpet, Inc. and The Dover Rug Company Inc. 'Die issue for our consideration is whether the service by certified mail was properly directed to 549 Worcester Road, Natick.
The record is clear that Smith attempted to make service of process on the defendants pursuant to RSA 510:4. Paragraph II of the statute provides:
Service of process upon any person who is subject to the jurisdiction of this state... may be made by leaving a copy thereof, with a fee of $10, in the hands or office of the secretary of state. Such service shall be of the same legal force and effect as if served on the defendant at his abode or place of business ..., provided that notice thereof and a copy of the process is forthwith sent by registered mail, postage prepaid, by the plaintiff or his attorney to the defendant at his last known abode or place of business ... (emphasis added).
While neither party addressed the issue, the United States District Court for the District of New Hampshire has found “that the term ‘person,’ as it is used in RSA 510:4, does not include corporations. Accordingly, the court [found] that RSA 510:4 does not authorize jurisdiction over [a foreign corporation].” McClary v. Erie Engine & Mfg. Co., 856 F. Supp. 52, 54-55 (D.N.H. 1994). Instead, McClary continues, the long-arm statute governing service of process on foreign corporations is RSA 293-AH5.10, paragraph (b) of which provides:
A foreign corporation may be served by registered or certified mail, return receipt requested, addressed to the secretary of the foreign corporation at its principal office shown in its application for a certificate of authority or in its most recent annual report if the foreign corporation... (1) has no registered agent or its registered agent cannot with reasonable diligence be served....
Id. at 55.
On the appellate record, we are unable to conclude that the defendants were served in accordance with applicable law. The record is silent as to whether any of the defendants completed an “application for a certificate of authority” in New Hampshire or whether any defendant had a registered agent in New Hampshire and, if not, the address contained in the defendants’ most recent annual report. The only annual report contained in the record is for The Dover Rug Company. The report is dated January 16, 2003, and presumably is not the last annual report before the attempted service. As to the location of the principal office, the report shows a typed Wellesley address, which has been crossed out and a Hanover address, written in by hand. There is no reference to the 549 Worcester Road, Natick address.
Because this Division is unable to find that the defendants were served in conformance with New Hampshire law, we conclude that the New Hampshire judgment is not entitled to full faith and credit in Massachusetts.
Accordingly, summary judgment for the plaintiff is vacated, and a judgment of dismissal of the plaintiff’s complaint is to be entered.
So ordered.